966 F.2d 1445
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Mohammed DAOUD, Defendant-Appellant.
 No. 91-5828.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 7, 1992
Decided: June 29, 1992
 
 Argued: Deborah Ann Persico, McLean, Virginia, for Appellant.
 Gary Stephen Barthel, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 On Brief: Alan H. Yamamoto, Alexandria, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Michael R, Smythers, Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 Before ERVIN, Chief Judge, WILKINS, Circuit Judge, and HOWARD, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellant Mohammed Daoud was convicted of importation of one kilo or more of heroin, and possession with intent to distribute one kilo or more of heroin in violation of Title 21, United States Code, Sections 952(a), 960(b)(1)(A), and 841(a)(1).
 
 
 2
 On appeal, Daoud attacked the sufficiency of the evidence supporting his convictions. Daoud contended that the convictions were invalid because the Government failed to produce evidence that the appellant knew heroin was concealed in his suitcase, and likewise, failed to produce evidence that the suitcase was not tampered with between the time it left New Delhi, India, and the time appellant claimed it at Dulles International Airport. We find no merit to the appellant's claim.
 
 
 3
 The evidence at trial established that the appellant traveled to Karachi, Pakistan in the fall of 1990 to visit relatives. He then traveled from Pakistan to India and visited his father. Upon his return to the United States, at Dulles International Airport on January 2, 1991, customs agents observed appellant's nervous tendencies and requested that he consent to a pat-down search for contraband drugs. He consented. The agents found no drugs in his possession and the appellant was permitted to leave the airport. Appellant did not attempt to claim any luggage prior to departing the airport at approximately 3:10 a.m. on January 2, 1991.
 
 
 4
 Convinced that the appellant was attempting to conceal something, the agents contacted airline employees and requested that the appellant's luggage be delivered to customs officials. The agents detected a heavy odor of glue emitting from one of the two suitcases and noticed that the wall was abnormally raised. The suitcase was opened and a white powder substance, which was later determined to be 1,966 grams of heroin, was discovered in the walls.
 
 
 5
 Appellant returned to the airport the next day, presented his baggage claim tickets, and requested his luggage. A controlled delivery of the suitcase containing the narcotics was made, and appellant was arrested as he attempted to leave the airport in a taxicab.
 
 
 6
 "In reviewing a jury verdict of guilty, an appellate court must examine the evidence in the light most favorable to the government." United States v. MacDougall, 790 F.2d 1135, 1151 (4th Cir. 1986). The question at hand is not whether this court is convinced of guilt beyond a reasonable doubt, but " '[w]hether viewing the evidence in the light most favorable to the government, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt.' " United States v. Jones, 735 F.2d 785, 791 (4th Cir.) (quoting United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982)), cert. denied, 469 U.S. 918 (1984).
 
 
 7
 In order to sustain a conviction under 21 U.S.C.ss 952(a), 960(b)(1)(A), and 841(A)(1), the Government must show that a controlled substance emanating from a point outside the territorial United States was brought into the territorial United States by the Defendant, and that the Defendant knowingly possessed the controlled substance with the intent to distribute it. See United States v. Moorman, 660 F.2d 106 (4th Cir. 1981); United States v. Crockett, 813 F.2d 1310, 1316 (4th Cir. 1987). Viewing the evidence in a light most favorable to the Government, sufficient evidence has been presented from which any rational finder of fact could have found the essential elements of the crime beyond a reasonable doubt. Jones, 735 F.2d at 791.
 
 
 8
 Therefore, for the foregoing reasons, the judgment of the district court is affirmed.
 
 
 9
 AFFIRMED.